FILED
APR 05 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY               DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>Tina Kemi OLUFEMI,<br>  a.k.a. Fatima ABUBAKARR,<br>    Defendant. | Case No.: __18MJ1580__<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 18, U.S.C., Section 1546(a) – False Statement in Immigration Application (Felony) |

The undersigned complainant being duly sworn states:

### COUNT 1

On or about November 29, 2013, within the Southern District of California, defendant Tina Kemi OLUFEMI, a.k.a. Fatima ABUBAKARR, did knowingly present to the Department of Justice, Executive Office for Immigration Review, a Form I-589, Application for Asylum and for Withholding of Removal, which is an application required under United States immigration laws and regulations prescribed thereunder, and said application contained a material statement made under penalty of perjury, to wit, that OLUFEMI had never applied for or received any lawful status in any country other than her application for the same in the United States, when in truth and in fact defendant OLUFEMI, knew then and there that she had previously obtained refugee status in Costa Rica, in violation of Title 18, United States Code, Section 1546(a).

### COUNT 2

On or about April 2, 2015, within the Southern District of California, defendant Tina Kemi OLUFEMI, a.k.a. Fatima ABUBAKARR, did knowingly present to the Department of Homeland Security, U.S. Citizenship and Immigration Services, a Form I-485, Application to Register or Adjust Status, which is an application required under the

immigration laws and regulations prescribed thereunder, and said application contained a material statement under penalty of perjury, to wit, that she had never, by fraud or willful misrepresentation of a material fact, sought to procure, or procured, a visa, or other documentation, entry into the United States or any immigration benefit, which the defendant then and there knew was false. In truth and in fact, the defendant denied having previously applied to the U.S. Government for refugee status and/or asylum when on June 22, 2012, U.S. Citizenship and Immigration Services denied her I-590, Registration for Classification as Refugee from the U.S. Government, under the alias Fatima ABUBAKARR, under Immigration and Nationality Act (INA) Section 101(a)(42), failure to meet the definition of a refugee.

Further, the complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Special Agent Miriam Marcais
Homeland Security Investigations

Sworn to before me and subscribed in my presence, this 5 day of April, 2018.

_____
HON. William V. Gallo
United States Magistrate Judge

## **PROBABLE CAUSE STATEMENT**

The complaint is based on the personal observations, investigation, and information furnished to Homeland Security Investigations Special Agent Miriam Marcais.

On or about April 24, 2013, defendant Tina Kemi OLUFEMI applied for admission into the United States from Mexico at the Otay Mesa, California, Port of Entry via pedestrian lane and identified herself as a Nigerian citizen. OLUFEMI was referred to secondary inspection by a U.S. Customs and Border Protection Officer (CBPO) due to the fact that she did not possess any valid entry documents. During processing, OLUFEMI was found inadmissible to the U.S. under Section 212(a)(7)(A)(i)(I) as an immigrant not in possession of valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by the Immigration and Nationality Act. OLUFEMI was processed under the Expedited Removal provisions and referred to an asylum officer for a Credible Fear determination.

On or about April 24, 2013, OLUFEMI gave a sworn statement to a CBPO. OLUFEMI's statement is memorialized in a five (5) page Record of Sworn Statement in Proceedings under Section 235(b) (1) of the Act, which is signed by OLUFEMI and the CBPO. OLUFEMI made the following statements during the

1

interview, in summary: OLUFEMI denied having received asylum status, refugee status, or any type of legal status that would allow her to remain in country from any government in the world other than her native country. OLUFEMI denied having applied to the United States for a visa.

On or about November 29, 2013, OLUFEMI submitted an I-589 Application for Asylum and Withholding of Removal, to the United States Department of Justice, Executive Office for Immigration Review (EOIR), United States Immigration Court, in San Diego, California. OLUFEMI made the following false statements and omissions of fact on her application:

On Question 18a, "When did you last leave your country [Nigeria]?"

OLUFEMI answered "10/2012."

On Part A., III. Information About Your Background, Questions 1 and 2, "Provide the following information about your residences during the past 5 years."

OLUFEMI provided only addresses in Nigeria and United States.

On Part C. Additional Information About Your Application, Question 1. "Have you, your spouse, your child(ren), your parents or your siblings ever applied to the U.S. Government for refugee status, asylum, or withholding of removal?" OLUFEMI answered "No." OLEFEMI did not disclose that on June 21, 2012, under the alias Fatima ABUBAKARR, she applied to the U.S. Government for refugee status in San Jose, Costa Rica, with the assistance of the United Nations

2

1  High Commissioner for Refugees (UNHCR). On June 22, 2012, Fatima
2  ABUBAKARR's application for refugee status was denied by the U.S. government
3  due to a lack of credibility on her claim to be a Somalian refugee.

4  On Question 2B, "Have you, your spouse, your child(ren) or other family
5  members, such as your parents or siblings, ever applied for or received any lawful
6  status in any country other than the one from which you are now claiming
7  asylum?"

8  OLUFEMI answered "No." OLUFEMI did not mention receiving refugee
9  status in Costa Rica. On March 7, 2011, the UNHCR applied for Fatima
10 ABUBAKARR (aka Tina Kemi OLUFEMI) to receive refugee status from Costa
11 Rica. ABUBAKARR was granted refugee status from Costa Rica on September 6,
12 2011, and issued a refugee ID card. On June 21, 2012, ABUBAKARR submitted
13 copies of her Costa Rican refugee documents to the U.S. Government on in her I-
14 590, Registration for Classification as Refugee application.

15 OLUFEMI signed the I-589 Application for Asylum and Withholding of
16 Removal, certifying its veracity under penalty of Perjury.

17 OLUFEMI was granted asylum by an Immigration Judge on March 24,
18 2014.

19 On or about April 2, 2015, OLUFEMI submitted an I-485 Application to
20 Register Permanent Residence or Adjust Status, to the United States Department of

Homeland Security, U.S. Citizenship and Immigration Services. OLUFEMI made the following false statements and omissions of fact on her application:

Part 3. Processing Information, Question 9. "Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States, or any immigration benefit?"

OLUFEMI stated "No." As part of all immigration applications, subjects are fingerprinted and submitted to for analysis using automated fingerprint identification systems. These records are linked to a unique fingerprint identification number for each alien application. The Department of Homeland Security's fingerprint identification system matched the fingerprints submitted by OLUFEMI to a prior fingerprint submission made by Fatima ABUBAKARR. On January 25, 2018, a Senior Fingerprint Specialist with the Homeland Security Investigations Forensic Laboratory examined the fingerprint samples from the two immigration applications and determined that they were made by the same individual.